UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

Eastern District of Kentucky
FILED
JUN 11 2009
AT COVINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

UNITED STATES OF AMERICA

V.                                                         INDICTMENT NO. 09-52-DCR
                                                           18 U.S.C. § 1343

**AMANDA JOHNSON**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

From on or about January 2005, the exact date unknown and continuing through January 2009, the exact date unknown, in Boone County, in the Eastern District of Kentucky, and elsewhere,

**AMANDA JOHNSON**

did devise and intend to devise a scheme and artifice to defraud, namely, a scheme to defraud local retail stores, including but not limited to T.J. Maxx, Dick's Sporting Goods, Ann Taylor, Express, The Limited, Gymboree, Sunglass Hut, K-Mart, Office Depot, and Best-Buy, for the purpose of obtaining money and property by means of false and fraudulent pretenses, representations, and promises. Said scheme and artifice to defraud is more fully set out as follows:

**INTRODUCTION**

1. At all times material hereto, **AMANDA JOHNSON** was a resident

of Cincinnati, Ohio.

2. At all times material hereto, **AMANDA JOHNSON** maintained personal checking accounts at US Bank. Several of these accounts were maintained with minimal balances. In addition to active personal checking accounts she maintained, there existed other personal checking accounts which she had maintained in the past, but had since closed.

## SCHEME AND ARTIFICE TO DEFRAUD

3. From on or about January 2005 to January 2009, **AMANDA JOHNSON** did devise and intend to devise a scheme and artifice to defraud, namely, a scheme to defraud local retail stores. Generally, the scheme was as follows:

4. **AMANDA JOHNSON** would write a personal check drawn on a local financial institution at the stores mentioned above to purchase various retail items. Known to **AMANDA JOHNSON**, but unbeknownst to the retail store, the account on which the check was drawn was either closed or without sufficient funds.

5. Knowing that it was the regular practice of retail stores to verify personal checks via external automated clearinghouses (namely, Certegy or Telecheck), **AMANDA JOHNSON** devised a means to circumvent the verification process. Specifically, she would call the Certegy automated customer service line from either her personal cell phone or from a phone at the check-out line at the victim retail store and "receive" an automated manual verification number. In fact, **AMANDA JOHNSON** would make up this verification number. She would then prevail upon the check-out

clerk or store manager to override the system to allow it to accept her personal check based upon the telephone authorization. The store clerk or manager (and in at least one case **AMANDA JOHNSON** herself) would write the manual verification number provided by the defendant on the check to indicate that the check had been manually verified by Certegy or Telecheck.

6. Having received the merchandise by writing a bad check, **AMANDA JOHNSON** would shortly thereafter go to a different location of the same retail store and return the merchandise she had fraudulently obtained. When she returned the merchandise, she would receive cash. She would keep some of the merchandise.

7. In total, by executing the scheme and artifice outlined above at various locations across the tri-state area (Kentucky and Ohio), **AMANDA JOHNSON** caused the retail stores and verification companies, including Certegy, Telecheck, and various retail outlets, to suffer in excess of $117,393.13 in loss.

## USE OF INTERSTATE WIRE

8. For the purpose of executing the scheme and artifice to defraud, on or about September 2, 2007, **AMANDA JOHNSON** purchased $1,402.48 of goods from the Dick's Sporting Goods store located at 7800 Montgomery Road, Cincinnati, Ohio, by writing check #2539 drawn on an account in her name at US Bank (account number ********5299). At the time she wrote check #2539, she knew that account ********5299 was closed on or about August 20, 2007, and therefore that the check was invalid.

9. Having fraudulently purchased the goods, **AMANDA JOHNSON** on September 8, 2007 returned $621.61 worth of the merchandise described in the preceding paragraph to the Dick's Sporting Goods location in Florence, Kentucky. In exchange for the returned merchandise, she received cash. In causing that return to be processed, **AMANDA JOHNSON** caused a signal to be sent in interstate commerce from the Dick's Sporting Goods store located in Florence, Boone County, Kentucky to the corporate office of Dick's Sporting Goods, located at 300 Industry Drive, Pittsburgh, Pennsylvania.

All in violation of 18 U.S.C. § 1343.

**A TRUE BILL**

_____
**FOREPERSON**

_____
**JAMES A. ZERHUSEN**
**UNITED STATES ATTORNEY**

## **PENALTIES**

Not more than 20 years imprisonment, a fine of not more than $250,000, and up to 3 years supervised release.

**PLUS:** Mandatory special assessment of $100.

**PLUS:** Restitution, if applicable.